## THE GEORGIA.[1]

### HOWARD et al. v. THE GEORGIA.

*(District Court, E. D. New York. June 10, 1891.)*

SEAMAN'S WAGES—PURCHASE OF CLAIM BY OWNER—DISCHARGE OF LIEN.
  A purchase of a seaman's claim for wages against a vessel by the owner of the vessel is, in legal effect, a payment of the seaman's claim, and discharges the vessel of the lien for wages.

In Admiralty. Suit for seaman's wages.
*Goodrich, Deady & Goodrich*, for libelants.
*R. D. Benedict*, for bottomry holder.

BENEDICT, J. This is an action to recover seaman's wages. The defense is payment. The evidence is that the vessel was owned by a man in Matanzas named Torrontagui; that subsequent to the commencement of the action the libelant's proctor received from one Monjo, the agent of the owner of the vessel, money to pay off the crew, and accordingly the men were paid by the proctor, and receipts for those wages taken from the men. Monjo testifies that he had no interest whatever in the vessel; that the money he gave the proctor to pay the wages was an advance made by him for account of the owner of the vessel. The proctor says that the transaction between him and the crew was a purchase, by direction of Monjo, of the seamen's claims against the vessel. But this does not alter the legal effect of the act done. A purchase of a seaman's claim against a vessel by the owner of the vessel is, in legal effect, a payment of the claim, and it discharges the vessel of the lien. A man cannot pay his own debt, and be subrogated to any right of the creditor. That the wages were paid subsequent to the commencement of the action makes no difference. The wages are now paid, and no decree will be rendered against the vessel for wages already paid.

There is also a claim for master's wages. The vessel, as it now appears, was owned in Matanzas by Torrontagui, and not by the man whose name appears in the vessel's papers. She was in fact a Spanish vessel, and not a British vessel. In the absence of any evidence as to the Spanish law, the law of the forum governs the case, and, by our law, a master has no lien for wages.

The libel is therefore dismissed, but without costs.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.