## THE PAULINE.

### THE YOUNG AMERICA.

#### (District Court, S. D. New York. March 31, 1905.)

MARITIME LIENS—PAYMENT OF SEAMEN'S WAGES BY MORTGAGEE—RIGHT OF SUBROGATION.

The mortgagee of a vessel, who takes possession and in good faith pays off arrears of wages due to the crew to prevent libels being filed therefor, on distribution of the proceeds of the vessel in proceedings instituted by other lien claimants, is entitled to enforce the preferred lien of the seamen for the amount of such wages.

In Admiralty. Suits to enforce maritime liens.

James J. Macklin and Le Roy S. Gove, for libellant.
Hyland & Zabriskie, for claimant.

ADAMS, District Judge. This action was brought by Alanson J. Prime to enforce the liens of the pilots and crews of the steamboats Pauline and Young America, for wages earned during June, July and August, 1904. This libellant was the mortgagee of the boats and finding that the owner and registered master was not keeping the boats free from liens, and libels being imminent, he took possession of them and paid the wages claims. The matter was referred to a commissioner to pass upon the merits of the claims and he reports that the libels should be dismissed because the libellant was mortgagee in possession and therefore not entitled to receive the benefit of the liens, citing The Georgia (D. C.) 46 Fed. 669, where Judge Benedict held that the "purchase of a seaman's claim by the owner of a vessel is in legal effect, a payment of the claim and discharges the vessel of the lien." The libellant seeks to distinguish that authority by alleging that he did not owe the seamen and was not therefore paying his own debt, as was the case in

The Georgia. There is an obvious difference between that case and the one under consideration in the fact that the mortgagee here did not originally owe for the wages.

The theory upon which the decision has proceeded is, that the libellant is barred by reason of his possession of the vessels and was libelling his own property, which the law does not permit. It is true that he had legal possession of them but that was liable to be divested by the payment of his mortgages and he really continued to hold them as security, except upon a strict technical construction of the instruments. The right of redemption was never cut off by a sale and remained with the mortgagor.

There were numerous claims against the boats and when this libellant caused a seizure to be made in his interest, one of the other creditors, the corporation of the Burt & Mitchell Company, intervened to defend, averring that it was attaching libellant in possession. In fact the libellant here was in possession, as heretofore stated. Other actions were instituted by creditors and there was a general effort to secure their various claims. Finally the boats were sold in one of the other actions, but did not produce enough to pay the claims, hence this controversy.

The libellant here was under no liability to the pilots or crews, excepting for the last few days of their service, after he had taken possession of the vessels and continued the men in his employ. For that part of their services, I think he should not recover, but see no sound reason why he should not be permitted to do so for the previous time, the wages for which would have been preferred liens on the vessels, if he had not stepped forward and advanced the necessary money to relieve them.

The situation now presented is really one of distribution of the assets among the several creditors and should be governed by principles of equity, which would not permit the libellant here to suffer by reason of his advances, if they were made in good faith, about which there does not seem to be any doubt. I conclude that the commissioner was wrong in recommending a dismissal of the libels upon the technical grounds he presents.

Another question to be determined is whether the wages of the so called pilots can be recovered. It is well settled that masters of vessels are not entitled to liens for their wages and if these men were really masters, and the designation of pilots assumed for the purpose of avoiding the law, no allowances in such respect should be made. As it is necessary, however, for the matter to be remitted for the purpose of ascertaining the amounts the libellant is entitled to in conformity with the foregoing, the commissioner can consider and report upon this question.

Exceptions sustained as above indicated.