## THE PAULINE.

### THE YOUNG AMERICA.

#### (District Court, S. D. New York. June 9, 1905.)

SEAMEN—LIEN FOR WAGES—MASTER OR PILOT.

Where it appears that persons are employed on vessels as pilots, and are not performing the duties of masters, but are engaged solely in the navigation of the vessels, they are entitled to liens for their wages.

[Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Seamen, §§ 1–3.]

In Admiralty. On report of commissioner.

James J. Macklin and Le Roy S. Gove, for libellant.

Hyland & Zabriskie, for claimant.

ADAMS, District Judge. When this matter was formerly before the court (136 Fed. 815), it was remitted to the commissioner, March 31, 1905, to report the amount of wages due to the so-called pilots and whether they were employed in that capacity or as the actual masters of the boats. The report of the commissioner has now been returned. It is as follows:

"The court has referred these cases back to me for a rehearing, directing me to take proof as to the amount of wages paid by the libellant up to and including the time when he took possession of the boats, and also to determine whether or not Simons and Purnell were masters or pilots, and hence, whether or not they were entitled to liens.

As to the last question, the testimony before me shows that Corbett, the owner of the boats, had been in the saloon business and that he held no license either as master or pilot, nor had he any knowledge of navigation. The boats were excursion steamers and employed in running from Harlem River to Classon's Point, Long Island, where a summer resort was maintained

by one Cowan who had made a charter of the boats from Corbett. The boats did no freight business and all of the fares of the passengers were collected either on the boat or on the wharf through the sale of tickets by Cowan or his employees. Corbett, on the other hand, hired and discharged the crew and bought all supplies, coal, waste, oils, &c. for both boats, as well as attending to all business with Cowan. Simons and Purnell had no duties other than the navigation of the boats. Both held master's and pilot's licenses. Corbett appeared in the custom house papers as master of the 'Pauline' and one Kiernan whom Purnell succeeded as master of the 'Young America.'

In the case of The Atlas, 42 Fed. 793, Judge Brown in this District had before him the claim of one who asserted that he was a pilot of a tugboat, the owners of which, however, asserted that he was master. The facts in that case are so nearly identical with the facts in the case before me that I am constrained to follow it and to hold that Simons and Purnell were not masters but pilots. The case at bar is to be distinguished from the Vandercook Case (D. C.) 24 Fed. 472, inasmuch as in the last named case the intervenor, Littlefield, who claimed to be a mate, was shown to have appeared in the enrollment of the vessel as master, making the usual master's oath. It is also to be distinguished from the case of The Hattie Thomas (D. C.) 59 Fed. 297, where the libellant 'had the entire control of said vessel, securing freights, receiving and discharging cargoes, securing boats, collecting freight moneys, furnishing supplies for the vessel, hiring, discharging and paying seamen, having full authority to go anywhere he pleased, to take any load he could get, to run the vessel as he saw fit, and to do what he thought best with her.' Such duties and powers are not proven in the case at bar, but on the contrary it is shown that the only duties of Simons and Purnell were those relating to the navigation of the vessel. I therefore find that Simons and Purnell were not masters but were pilots and are therefore entitled to their lien.

Computing the advances paid by the libellant up to the time when he took possession of the vessel at 6 P. M. on July 21, 1904, I find that he is entitled to a lien for the wages so paid as follows:

'Young America':

| | |
|---|---:|
| Purnell, July 15, to July 21 | $ 25 67 |
| Wilson, July 1st to July 15 | 55 00 |
| McKeon, July 15, to July 21 | 25 67 |
| Hines, July 8, to July 15 | 22 00 |
| Dempsey, June 19 to July 1 | 43 26 |
| Miller, July 1, to July 21 | 31 50 |
| Total | $203 10 |

'Pauline':

| | |
|---|---:|
| Williamson, July 1st to July 21 | $ 28 00 |
| Erickson, July 1st to July 21 | 31 50 |
| Anderson, July 11, to July 21 | 18 33 |
| Dempsey, July 1st to July 21 | 77 00 |
| Simons, June 15 to July 21 | 135 67 |
| Mahoney, July 1st to July 11 | 11 27 |
| Total | $301 77 |

I have not computed interest on the above amounts."

It does not seem to be necessary to add anything to the report, which is confirmed.

Decree for the libellant for the amounts allowed by the commissioner, with interest.