THE C. J. SAXE et al. (two cases.)

(District Court, S. D. New York. May 21, 1906.)

SEAMEN—LIEN FOR WAGES—PRIORITY OVER CLAIM FOR COLLISION DAMAGES.

Claims of seamen for wages against a vessel are entitled to priority of payment over an award of collision damages against the vessel from the proceeds of her sale in the collision suit, but such right of priority

does not extend to wages due to the pilot, who was actually the master and responsible for the vessel's faulty navigation.

[Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Seamen, § 166.]

In Admiralty. On distribution of fund in court.

Butler, Notman & Mynderse, for American Linseed Co.

Richard D. Currier, for Etheridge and others.

ADAMS, District Judge. A collision took place on the 24th of October, 1905, between the American Linseed Company's barge Andy, in tow of the steamtug C. J. Saxe, on a hawser, and the steamer Staatendam. An action was brought by the Linseed Company against both vessels. The owner of the Staatendam appeared in the action and filed a claim, with a stipulation for value. The Saxe did not appear and upon the default, a decree was entered against her, upon which she was sold and the proceeds, some $615, paid into court. In November, 1905, an action was brought by Etheridge and others against the Saxe to recover the wages due them. The expenses of the sale having been deducted, there remains in court the sum of $429.63 to meet the claims, so far as the Saxe was concerned, and the question now presented is as to the proper method of distributing the fund.

There are $1,535.08 due for collision and $310.69 for wages. The $310.69 include a claim of Walter Thompson for $67.50 and a dispute has arisen whether he was pilot or master. It appears that he was charged with the responsibility of engaging the crew, controlling the tug's movements, making agreements for towage, etc., which ordinarily constitute a part of the master's duties. This case does not fall within the line of authorities cited in The Pauline (D. C.) 138 Fed. 271, determining that under certain circumstances, the pilot, though in control of the navigation of the vessel, is not excluded from asserting a lien. Here, it seems that Thompson was actually the master and is not entitled to a lien.

The principal question is one of priority between seamen's wages and collision damages. It is contended for the latter that under The John G. Stevens, 170 U. S. 113, 18 Sup. Ct. 544, 42 L. Ed. 969, and The F. H. Stanwood, 49 Fed. 577, 1 C. C. A. 379, the collision claim, which, if allowed, will absorb the entire fund, is entitled to priority. The Stevens Case is an authority for the proposition that a collision claim is entitled to priority over a statutory lien for supplies previously furnished in a vessel's home port. There is nothing in the opinion of the court, however, manifesting an intention to extend to wages claims the principle that liens arising out of tort are to be preferred to those arising out of seamen's contracts. In that connection the court says (170 U. S. 119, 18 Sup. Ct. 547, 42 L. Ed. 969):

"The case at bar, however, presents no question of the comparative rank of seamen's wages, which may depend upon peculiar considerations, and which, according to the favorite saying of Lord Stowell and of Mr. Justice Story, are sacred liens, and, as long as a plank of the ship remains, the sailor is entitled, against all other persons, to the proceeds as a security for his wages.

The whole question was fully considered by Judge Choate in The Steamboat Orient, 10 Ben. 620, Fed. Cas. No. 10,569, and I do not find anything in the more recent decisions to authoritatively overcome the conclusion that the claims of seamen for their wages should be given priority over collision damages. The later decisions, outside of this district, are in conflict, some of them, The Daisy Day (D. C.) 40 Fed. 538, for example, sustain the decisions here, while others, The F. H. Stanwood, supra, for example, take the contrary view. It is urged in connection with the case last cited, that the seamen here being implicated in the Saxe's collision, and, also, having a claim against a solvent owner, are barred from recovery, but I am not convinced that these circumstances are sufficient to defeat the seamen's claims, and I do not find anything to implicate them in the fault. That contention applies with much force to the master's claim. He was conducting the faulty navigation of the vessel and for such reason, as well as that arising from his position as master, he should not be permitted to recover, but the seamen were doubtless free from responsible participation in the negligence, and should not be deprived of their ordinary rights.

A distribution of the fund will be made in conformity herewith.